# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE CO., | )<br>)<br>) |
| Plaintiff, | ) Case No. 2:14-cv-00050-APG-CWH |
| vs. | ) **ORDER** |
| ADMOON YALDA, et al., | ) |
| Defendants. | ) |

This matter is before the Court on Plaintiff's *Ex Parte* Motion for Service by Publication (#18), filed March 12, 2014. The complaint in this matter was filed on January 10, 2014. (#1). Summons were issued on February 19, 2014. (#12). Plaintiff seeks declaratory relief. To date, all named defendants have been served except Defendant Najim Brown, who is a minor.[1] Plaintiff does not seek extension of the time limit in which service must be effectuate under Fed. R. Civ. P. 4(m). However, having been unable to effectuate service on Defendant Najim Brown and his parents, Plaintiff moves for an order permitting service by publication.

## DISCUSSION

Plaintiff seeks an order permitting service by publication on Defendant Najim Brown, a minor, and his natural parents. Plaintiff incorrectly states that Fed. R. Civ. P. 4(e) applies to service in this matter. It does not. Indeed, Rule 4(e) expressly precludes its use for service on a minor. Fed. R. Civ. P. 4(e) ("Unless federal law provides otherwise, an individual –**other than a minor** . . . may be served . . . by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ."). Service of a minor under the Federal Rules is governed by Rule 4(g). Fortunately for Plaintiff, service under Rule 4(g) requires that a "[a] minor . . . in a judicial district of the United States must be

---

[1] The Plaintiff identifies minor Najim Brown as a defendant along with his natural parents.

served by following state law for serving a summons or like process on such a defendant in an action brought in the courts of general jurisdiction of the state where service is made." Thus, though Plaintiff has cited to an inapplicable portion of Rule 4, the process for completion of service remains as set forth under Nevada law.

Defendant Najim Brown is identified as a minor in the complaint. Nevada law provides for service upon a minor as follows:

> "If against a minor, under the age of 14 years, residing within this state, to such minor, personally, and also to the minor's father, mother, or guardian; or if there be none within this state; then to any person having the care or control of such minor, or with whom the minor resides, or in whose service the minor is employed."

Nevada Rules of Civil Procedure ("NRCP") 4(d)(3). Under Nevada law, when personal service under NRCP 4(d)(3) cannot be had, NRCP 4(e) provides that a party may move for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons." NRCP 4(e)(1).

A party seeking service by publication must seek leave of court by filing an affidavit demonstrating due diligence in attempting to personally serve the defendant. In evaluating due diligence, courts look to several factors. *See Price v. Dunn*, 787 P.2d 785, 786-7 (Nev. 1990); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994). There is no "objective, formulaic standard" for determining due diligence, but the Nevada Supreme Court has characterized the analysis as one measured by the quality of service efforts. *Abreu*, 985 P.2d at 749 ("Despite our previous decisions on this issue, we note that there is no objective, formulaic standard for determining what is, or what is not, due diligence. The due diligence requirement is not quantifiable by reference to the number of service attempts or inquiries into public records. Instead, due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant.").

The Court has reviewed the affidavits attached to Plaintiff's motion and finds that Plaintiff has demonstrated due diligence in its efforts to serve Defendant Najim Brown and his parents. The process server made service attempts at multiple times, on multiple dates, and in consultation with available

records. The residence at which the service attempts were made was known to be Defendants' residence. On several occasions, the residence appeared occupied and those within appeared to be actively evading service. Consequently, the request to serve by publication will be granted.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's *Ex Parte* Motion for Service by Publication (#18) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff shall deliver a copy of the Summons, Complaint, and this Order via certified mail on Defendant Najim Brown and his parents.

DATED: March 24, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**