**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>ADMOON YALDA; ELIZABETH YALDA; ADMOON YALDA AND ELIZABETH YALDA as parents of CHRISTIAN YALDA, a minor; ROBERT NEGRETTE; NAJIM BROWN, a minor; MR. BROWN AND JAQUELINE BROWN, natural parents of NAJIM BROWN; RICHARD GREY, natural parent of RICHARD GREY; and RICHARD GREY, a minor,<br><br>  Defendants. | Case No. 2:14-CV-00050-APG-CWH<br><br>**ORDER DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION, GRANTING COUNTERMOTION FOR SUMMARY JUDGMENT, AND STAYING THE CASE**<br><br>(Dkt. #30, #32, #34) |

Plaintiff Allstate Property and Casualty Insurance Company filed this suit seeking declaration that it does not owe a duty to defend or indemnify its insureds, defendants Admoon, Elizabeth, and Christian Yalda. Admoon, Elizabeth, and their minor son Christian are defendants in a state court tort action brought by defendant Robert Negrette. In the state court action, Negrette alleges Christian, along with defendants Najim Brown and Richard Gray, Jr., lured Negrette out of his house and then assaulted him. Negrette asserts both intentional torts and negligence in the state court action. Allstate contends Negrette's complaint alleges intentional acts, and Allstate therefore owes no duty to indemnify or defend because the Yaldas' policy contains an exclusion for intentional acts. Allstate acknowledges Negrette's complaint asserts negligence claims, but it argues the complaint's factual allegations set forth only intentional acts. Allstate moves for summary judgment.

The Yaldas oppose Allstate's motion and countermove for summary judgment.[1] They contend there is a possibility of coverage under the policy based on the allegations and claims asserted in the Negrette complaint, the Yaldas' answer to the Negrette complaint, and discovery in the Negrette action. Specifically, the Yaldas contend that Christian denies he participated in the assault, Christian denies he knew Najim intended to assault Negrette, and Negrette never saw Christian participate in the attack. The Yaldas therefore assert Allstate has a duty to defend them.

Defendants Richard Gray, Sr. and Richard Gray, Jr. (erroneously identified as "Grey" in the caption) also oppose Allstate's summary judgment motion. The Grays argue denial is warranted because Allstate did not support its motion with properly authenticated evidence. Alternatively, the Grays request I defer consideration of the summary judgment motion until discovery is completed in the underlying state court action. They also move to stay this action pending resolution of the state court action. The Grays contend the issues in this action are not ripe for judicial determination because the factual issues in the tort action have not been determined. Specifically, like the Yaldas, the Grays assert that Christian and Richard Jr. did not assault Negrette and, at most, they are accused of setting Negrette up for Najim's assault by luring him outside.

Negrette also opposes Allstate's motion for summary judgment. Negrette argues Allstate does not support its motion with any facts as to whether Christian acted intentionally, instead relying solely on his complaint's allegations rather than on evidence. Like the Yaldas and Grays, Negrette argues the underlying suit includes negligence claims and the discovery conducted in the underlying tort action thus far suggests Christian may have acted only negligently. Specifically, Negrette contends Christian lured him out of his house and then did nothing when Najim attacked him. And like the Grays, Negrette contends I should defer consideration of this motion pending additional discovery regarding Christian's participation in the assault.

---

[1] While titled a countermotion for summary judgment (Dkt. #34), in reality the Yaldas' move for partial summary judgment. Allstate's complaint seeks a declaration regarding both the duty to defend and the duty to indemnify. The Yaldas' countermotion seeks only a declaration "that Allstate has a duty, at this time, to continue to defend them in the underlying district court action." (*Id.* at 2.)

Allstate replies that I should not look to the discovery in the underlying action because the Supreme Court of Nevada applies the "four corners" rule and looks only to the allegations in the underlying complaint to determine whether a duty to defend arises. Allstate also argues no stay is necessary because the "four corners" rule precludes consideration of anything beyond the allegations in the underlying complaint.

In reply, the Grays and Yaldas argue that the Supreme Court of Nevada does not limit the duty to defend inquiry to the four corners of the complaint. Instead, they contend, any facts known to the insurer may trigger a duty to defend. They also argue that even under Allstate's standard, the duty to defend is triggered because there is a possibility Negrette will prevail on his negligence claims.

**I. CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I must view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

/ / / /

/ / / /

**A. Authentication**

Allstate and the Yaldas cross-move for summary judgment. Neither Allstate nor the Yaldas authenticate most of the exhibits they attach in support of their motions. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). However, Allstate and the Yaldas do not object[2] to each other's exhibits, they present some of the same exhibits in support of their respective motions, and the exhibits appear to be what the proponents claim they are. *See* Fed. R. Evid. 901(a). Accordingly, in my discretion, I will consider the exhibits attached to the parties' respective summary judgment motions. *Orr*, 285 F.3d at 773.

**B. The Policy**

The Yaldas' policy with Allstate provides that Allstate "will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy." (Dkt. #30-1 at 2.) Allstate also "will provide a defense with counsel of [its] choice, even if the allegations are groundless, false or fraudulent." (*Id.*) The policy contains an exclusion for intentional conduct:

> We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if:
>
> a) such insured person lacks the mental capacity to govern his or her conduct;
> b) such bodily injury or property damage is of a different kind or degree than intended or reasonably expected; or
> c) such bodily injury or property damage is sustained by a different person than intended or reasonably expected.
>
> This exclusion applies regardless of whether or not such insured person is actually charged with, or convicted of a crime.

(Dkt. #30-1 at 3-4.) Allstate thus does not owe the Yaldas a duty to defend or to indemnify if the insureds engaged in intentional conduct.

/ / / /

---

[2] The Grays object to Allstate's unauthenticated exhibits and argue I should deny Allstate's motion on the basis that it was not supported by any admissible evidence. Because I conclude Allstate's motion must be denied even considering the unauthenticated exhibits, I overrule the Grays' objection as moot.

### C. Duty to Defend

"The duty to defend is broader than the duty to indemnify." *United Nat'l Ins. Co. v. Frontier Ins. Co., Inc.*, 99 P.3d 1153, 1158 (Nev. 2004) (en banc). An insurer has no duty to defend only when "there is no *potential* for coverage." *Id.* (quotation omitted). "In other words, [a]n insurer . . . bears a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy." *Id.* (quotation omitted). "Once the duty to defend arises, this duty continues throughout the course of the litigation." *Id.* (quotation omitted). Any doubts about whether the insurer has a duty to defend must be resolved in the insured's favor. *Id.* "The purpose behind construing the duty to defend so broadly is to prevent an insurer from evading its obligation to provide a defense for an insured without at least investigating the facts behind a complaint." *Id.* "Determining whether an insurer owes a duty to defend is achieved by comparing the allegations of the complaint with the terms of the policy." *Id.*

The parties dispute whether, based on *United National Insurance*, the Supreme Court of Nevada has adopted the rule that the duty to defend is determined by looking at the "four corners" of the underlying complaint without reference to any extrinsic evidence. Allstate contends I can look only to the factual allegations in Negrette's complaint, which alleges all three boys beat Negrette. Allstate argues that although Negrette asserts negligence causes of action, the factual allegations allege only intentional acts. Allstate thus contends that under the "four corners" of Negrette's complaint, no duty to defend arises because the intentional acts exclusion precludes the possibility of coverage.

The Yaldas, the Grays, and Negrette respond that even under the "four corners test," the Negrette complaint alleges the boys lured Negrette from his home and asserts negligence causes of action. They thus contend there is a possibility of coverage if Christian was negligent by luring Negrette from his home or by not stopping Najim from assaulting Negrette. Additionally, the Yaldas, the Grays, and Negrette argue the Supreme Court of Nevada has not adopted the "four corners" rule and that court would consider facts known to the insurer in addition to the complaint's allegations. They argue that the pleadings and discovery in the underlying action

suggest Christian did not physically assault Negrette and to the extent a viable theory of recovery against him exists, it will be based on negligence for luring Negrette from his home or for failing to stop Najim's assault.

The Negrette complaint alleges that on October 18, 2012, Negrette was contacted by Najim, Christian, and Richard, whom Negrette believed were his friends. (Dkt. #30-1 at 9.) Negrette went outside to meet them. (*Id.*)  According to the Negrette complaint, "NAJIM, CHRISTIAN, and RICHARD jumped [Negrette] and brutally beat [him] by kicking and punching [him] until [he] lost consciousness . . . ." (*Id.*)  Negrette asserts causes of action for negligence, assault, battery, and intentional infliction of emotional distress against Najim, Christian, and Richard, Jr. (*Id.* at 9-15.)  Negrette also brings claims against the boys' parents under Nevada Revised Statutes § 41.470 for the willful misconduct of their minor children and under § 41.472 for the negligence of their minor children. (*Id.* at 15-16.)

Considering only the four corners of the Negrette complaint, there is a possibility of coverage.  Negrette asserts negligence claims and the allegations allow for the possibility that Christian was negligent for contacting Negrette to have him come out of the house.

Moreover, as I stated in *Andrew v. Century Surety Company*, "the Nevada Supreme Court has never explicitly held that Nevada follows the 'four corners' rule." No. 2:12-cv-00978-APG-PAL, 2014 WL 1764740, at *4 (D. Nev. April 29, 2014).  I noted that some language in *United National Insurance* implies that Nevada adopts the rule while other language suggests Nevada would consider extrinsic sources of information known to the insurer. *Id.* at *4-5.  Ultimately, I concluded that, in the factual context of *Andrew*, the Nevada Supreme Court would adopt the four corners rule and determine the insurer's duty to defend by comparing the allegations of the underlying complaint with the policy's terms. *Id.* at *6.

In *Andrew*, the underlying complaint alleged facts raising the possibility of coverage but the insurer's own investigation suggested there was no coverage. *Id.* at *1.  In that context, applying the four corners rule appropriately errs on the side of resolving doubts about whether the duty to defend arises in favor of the insured.  In contrast, here, the complaint and other facts

known to the insurer raise the possibility of coverage.  In the underlying action, Christian has denied he assaulted Negrette. (Dkt. #31-2; Dkt. #31-3; *see also* Dkt. #33-3 (Yaldas' motion for summary judgment in the underlying action arguing there is no evidence Christian participated in the assault).)  He also raised the affirmative defenses that Negrette's injuries resulted from the acts of a third party who was not under his control and that any injuries were not caused by willful misconduct or gross negligence. (Dkt. #31-2.)  Therefore, even looking beyond the four corners of the complaint, "facts [exist] which give rise to the potential of liability under the policy." *United National Ins. Co.*, 99 P.3d at 1158 (quotation omitted).[3]

Because there is a possibility of coverage, Allstate has a duty to defend the Yaldas in the Negrette action.  I therefore deny Allstate's motion for summary judgment on the duty to defend and grant the Yaldas' countermotion.

////

---

[3] In setting forth the law on the duty to defend in *United National Insurance*, the Supreme Court of Nevada cited to seven cases. 99 P.3d at 1158.  Three of those cases recognized that an insurer's duty to defend may be triggered by facts known to the insurer through extrinsic sources. *See Aetna Cas. & Sur. Co., Inc. v. Centennial Ins. Co.*, 838 F.2d 346, 350 (9th Cir. 1988) (applying California law and stating the duty to defend "is not dependent on the facts contained in the complaint alone; the insurer must furnish a defense when it learns of facts from *any* source that creates a potential of liability under its policy"); *Horace Mann Ins. Co. v. Barbara B.*, 846 P.2d 792, 795 (Cal. 1993) ("The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy.  Facts extrinsic to the complaint also give rise to a duty to defend when they reveal a possibility that the claim may be covered by the policy."); *Gray v. Zurich Ins. Co.*, 419 P.2d 168, 176-77 (Cal. 1966) (stating "the duty to defend should be fixed by the facts which the insurer learns from the complaint, the insured, or other sources").  One case compared only the facts of the complaint to the policy coverage, but there is no reference to whether the insurer was aware of facts extrinsic to the complaint. *See Bidart v. Am. Title Ins. Co.*, 734 P.2d 732, 734 (Nev. 1987).  One limited the duty to defend inquiry to the facts alleged in the underlying complaint because, in that case, going beyond the complaint's allegations would place the insured in the untenable situation of having to prove it was responsible for pollution to obtain coverage, but that proof would subject it to strict liability in the underlying action. *See Hecla Min. Co. v. New Hampshire Ins. Co.*, 811 P.2d 1083, 1090 & n.11 (Colo. 1991).  Another concluded as a matter of law that criminal sexual molestation of a minor is not an accident and therefore there was no possibility of coverage. *Morton by Mort v. Safeco Ins. Co.*, 905 F.2d 1208, 1212 (9th Cir. 1990) (applying California law). The other case did not discuss how to determine the duty to defend. *See Home Sav. Ass'n v. Aetna Cas. & Sur. Co.*, 854 P2d 851, 855 (Nev. 1993) (discussing when a claim the insurer breached its duty to defend accrues for statute of limitation purposes).  Taken together, these cases reflect the principle that determining when the duty to defend arises depends on the circumstances and must comport with the general policy that doubts about coverage are resolved in favor of the insured.

**D. Duty to Indemnify**

The duty to indemnify is narrower than the duty to defend. *Id.* An insurer must indemnify an insured when "the insured's activity and the resulting loss or damage . . . *actually* fall[s] within the . . . policy's coverage." *Id.* (quotation omitted).

The underlying tort case has not resolved whether Christian acted intentionally, negligently, or did not commit a tort against Negrette. The factual disputes that will inform the analysis of the indemnity question are being litigated in the state court action. I therefore grant the Grays' motion to stay this action pending resolution of the relevant factual issues in the underlying state court action. In the event the state court action concludes without resolving the relevant factual disputes, the parties may move to lift the stay in this action. The parties shall file a status report on or before August 1, 2015 unless the stay is lifted prior to that date.

**II. CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff Allstate Property and Casualty Insurance Company's motion for summary judgment (Dkt. #30) is DENIED.

IT IS FURTHER ORDERED that defendants Admoon, Elizabeth, and Christian Yalda's countermotion for summary judgment (Dkt. #34) is GRANTED. Defendant Allstate Property and Casualty Insurance Company has a duty to defend Admoon, Elizabeth, and Christian Yalda in the suit *Robert Negrette v. Najim Brown, et al.*, No. A-13-685554-C, currently pending in the Nevada District Court of Clark County, Nevada.

IT IS FURTHER ORDERED that defendants Richard Gray, Sr. and Richard Gray, Jr.'s motion to stay is GRANTED to the extent that this action is stayed regarding the duty to indemnify pending resolution of relevant factual disputes in the underlying state court action.

IT IS FURTHER ORDERED that the parties shall file a status report on or before August 1, 2015 if the stay has not been lifted prior to that date.

/ / / /

/ / / /

/ / / /

IT IS FURTHER ORDERED that the clerk of court shall correct the caption to reflect the proper spelling of defendants Richard Gray, Sr. and Richard Gray, Jr.

DATED this 20th day of March, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE